THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DONALD LEE McCANN, Defendant-Appellant.

Second District   No. 78-282

Opinion filed September 17, 1979.

Mary Robinson and Elizabeth Clarke, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendant, Donald McCann, was convicted of rape (Ill. Rev. Stat. 1975, ch. 38, par. 11—1) and unlawful restraint (Ill. Rev. Stat. 1975, ch. 38, par. 10—3), and sentenced to 10 years imprisonment for rape and 18 months for unlawful restraint, to be served concurrently. On appeal he contends: (1) the evidence was insufficient to prove him guilty of rape; (2) he was denied a fair trial by the prosecutor's improper closing argument; (3) the trial court erred in entering judgments of conviction and imposing sentences for both rape and unlawful restraint; and (4) the evidence was insufficient to prove defendant guilty of unlawful restraint.

The complainant, a 15-year-old girl, testified defendant, a stranger to her, stopped his car and offered her a ride as she was walking to a friend's home. When she got in, defendant grabbed her hair, pulled her down on the seat and, while holding a knife around her neck, unbuttoned her shirt and felt her breasts. The complainant described the knife as the kind used to cut carpeting, silver-gray with a slanted blade. She testified defendant told her to pull down her pants and underwear and then forced her to perform a deviate sexual act until she gagged; defendant then parked the car and they had intercourse. The complainant said she didn't cry out or try to escape nor did she ask defendant to let her out. Defendant dropped her off near her friend's house and, when her friend answered the door, the complainant immediately said she had been raped. A physician testified sperm was found but he noticed no lacerations or other indications of trauma. Police officers who spoke to the complainant after the incident testified she was distraught and that her clothing was in disarray; they said her description of the rapist was clear but that she had difficulty relating the details of the incident.

Officer Kundrot testified that after defendant's arrest he was informed of his *Miranda* rights and he told Kundrot he had picked up the complainant hitchhiking. He stated he grabbed her hair, told her he had a knife and asked if they could have intercourse. He said the complainant answered he could do anything as long as he didn't hurt her. In trial defendant denied making these statements.

Defendant testified he had picked up complainant who was hitchhiking and, while he had a closed utility knife in his car, he threw it into the back seat when complainant got into the car. He stated they

stopped at a park and had intercourse to which complainant consented and he then took her to her friend's house. The complainant acted upset, he testified, because he told her he had to leave.

In closing argument defense counsel commented on the failure of the State to call the friend to whom complainant first reported the rape; the prosecutor responded in his argument that the defense could have called the friend to testify and that they would have if she would have contradicted the complainant.

■■ Defendant contends the evidence was insufficient to prove him guilty of rape beyond a reasonable doubt. He argues that the testimony of the complainant did not demonstrate that the act of intercourse took place by force and against her will as required by section 11—1 of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 11—1) and that the complainant's testimony was incredible in that defendant could not physically have done that which she testifies he did. The complainant testified defendant was driving the car during the period when he held the utility knife around her throat, locked the car door and felt her breasts. The sequence of events related by the complainant was neither incredible nor improbable.

■■ ■ Defendant further argues, however, that the complainant's testimony showed no evidence of resistance or attempted escape. No definite standard fixes the amount of resistance which must be offered, and resistance is not necessary where it would endanger the victim's safety or where she is overcome by superior strength or paralyzed with fear. (*People v. Smith* (1965), 32 Ill. 2d 88, 203 N.E.2d 879.) In the instant case the complainant, a 15-year-old girl, was assaulted in a locked and sometimes moving car by a man who held a utility knife to her throat. The record shows no reasonable opportunity for the complainant to have cried out and been heard by others or to have attempted escape. When defendant allowed her to leave the car she immediately reported the assault to her friend and to the police. The evidence was sufficient to establish rape beyond a reasonable doubt.

■■ Defendant contends he was denied a fair trial by improper closing argument of the prosecutor. The first comment objected to by defendant questioned why defendant's testimony was different from his oral statement to police after his arrest and suggested defendant made up his version of the occurrence. Defendant did not object to this comment at trial nor did he raise this alleged error in his motion for new trial. Any error in this regard is therefore waived. *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.

■■ The second comment to which defendant objects was the prosecutor's reference to defendant's failure to call the complainant's

friend, to whom the rape was first reported, as a witness. This was clearly a response to a comment by defense counsel in his closing argument that the State had failed to call her to corroborate the complainant's version of the incident and was proper.

██ Defendant finally contends the trial court erred in entering judgments of conviction for both rape and unlawful restraint, arguing the charges arose from the same conduct. While separate judgments of conviction may be entered where more than one offense arises from a series of incidental or closely related acts, separate judgments of conviction may not be entered for lesser included offenses. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273.) Unlawful restraint occurs when one person "knowingly without legal authority detains another." (Ill. Rev. Stat. 1975, ch. 38, par. 10—3.) All the elements of unlawful restraint are necessarily present in rape and, therefore, defendant's conviction of unlawful restraint must be reversed. The fact that the acts which constituted the offense of unlawful restraint began earlier than the acts which constituted the offense of rape and continued throughout the period of defendant's detention of the complainant would not detract from this conclusion. (See generally *People v. Thompson* (1977), 55 Ill. App. 3d 795, 371 N.E.2d 326.) Having determined the conviction of unlawful restraint must be reversed, we need not determine whether the evidence was sufficient to support that conviction.

For the reasons stated the judgment of conviction of rape and sentence thereon is affirmed, and the judgment of conviction of unlawful restraint will be and is vacated.

Affirmed in part; reversed in part.

GUILD, P. J., and SEIDENFELD, J., concur.