THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VINCENT WILLIAMS, Defendant-Appellant.

First District (1st Division)   No. 81—2442

Opinion filed May 31, 1983.

James J. Doherty, Public Defender, of Chicago (Andrew E. Sohn and Donald S. Honchell, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Paula Carstensen, and Thomas Gearen, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McGLOON delivered the opinion of the court:

Following a jury trial, defendant Vincent Williams was found guilty of rape and unlawful restraint. He was sentenced to serve concurrent terms of six years for rape and two years for unlawful restraint.

On appeal, defendant contends the trial court erred: (1) in instructing the jury on the issue of consent by a mentally deranged female; (2) in instructing the jury on the issue of accountability; (3) by restricting defense counsel's cross-examination of the complaining witness; and (4) by entering separate judgments of conviction for both rape and unlawful restraint.

We affirm in part, reverse in part.

The complainant, a 26-year-old special education student, testified that on August 9, 1980, at about midnight, she was with three of her friends at the Douglas Park Swimming Pool. The pool was closed. Complainant's companions crawled under the fence to swim. Defendant and his friend, Edward Cherry, were also swimming. Complainant was standing outside the pool area when defendant approached her and asked if they could have sex with her. She responded by saying, "No." As complainant and her friends started to leave the area, defendant and Cherry followed the group. The girls became afraid and started to run. Defendant and Cherry caught up with complainant. Cherry then threatened to hurt complainant unless her friends left. He grabbed complainant by the neck and dragged her into the bushes. After he removed her clothing, he had sexual intercourse with her. Afterwards, defendant had sexual intercourse with her. Complainant repeatedly denied consenting to intercourse with either defendant or Cherry. She also testified that she was screaming and crying throughout the incident. She further testified that her blouse was torn by both defendant and Cherry.

After the incident, complainant received treatment at Mount Sinai Hospital. The physician's examination of complainant revealed no vaginal lacerations. However, a vaginal smear positively indicated the presence of sperm.

Regina Campbell, complainant's 13-year-old girlfriend, testified that on August 9, 1980, she and complainant agreed to have sex with defendant and Cherry. After exiting the pool area she became frightened and changed her mind. Regina and the other girls began to run from the area when they discovered that defendant and Cherry were following them. Regina further testified that Cherry grabbed complainant by the neck and forced her into the bushes.

Regina then ran to Mount Sinai Hospital for help. She accompa-

nied Chicago police officers back to Douglas Park where complainant was walking from the bushes, pulling her pants up and crying. Defendant and Cherry were apprehended by Chicago police officers and hospital security guards as they ran from the scene of the incident.

While in custody, defendant was interviewed by Assistant State's Attorney Markovitz. Markovitz testified that defendant stated that he and Cherry talked about having sex with complainant. After the conversation, Cherry put his arm around complainant's neck and took her to some bushes. Defendant further stated that he had sex with the complainant and that she said she "wanted to get up" several times during the incident.

Testifying in his own behalf, defendant stated that he was a special education student, but never attended school with complainant. He had known complainant for eight to 10 years and had previously had sex with her on two occasions. He stated that he and Cherry were swimming at the Douglas Park pool on August 9, 1980. Regina Campbell and her friends were also swimming. Complainant waited outside the fence. As the group left the area, Cherry grabbed complainant and walked her to some bushes. Defendant described how he waited outside the bushes for about 15 minutes. He then approached complainant, who was sitting on the ground with her slacks and panties down to her knees. Defendant further testified that complainant voluntarily had sex with him and that she was not crying or disturbed. Defendant mentioned that while he was having sex with complainant, Cherry looked through her coin purse. Defendant denied telling Assistant State's Attorney Markovitz that complainant said she "wanted to get up." Defendant and Cherry were arrested as they ran from the location and were later identified by complainant.

■ At trial, the jury was instructed that defendant could be convicted of rape if it found that he had sexual intercourse with complainant by force and against her will. Defendant contends that the trial court erred by further instructing the jury that intercourse by force includes intercourse with a female who is so mentally deranged or deficient that she cannot give effective consent to intercourse.

The jury returned a general verdict of guilty. Therefore, we are unable to discern whether the verdict was based upon a finding that the act of intercourse was committed by force or upon a finding that complainant was incapable of giving effective consent. If the evidence adduced at trial is sufficient to support either finding, then the guilty verdict must stand. (*People v. McMullen* (1980), 91 Ill. App. 3d 184, 414 N.E.2d 214.) A general finding of guilt is presumed to be based

upon any proper count in an indictment where the applicable evidence is sufficient. *McMullen; People v. Collins* (1979), 71 Ill. App. 3d 815, 390 N.E.2d 463.

In the instant case, there is ample evidence to prove beyond a reasonable doubt that sexual intercourse was performed forcibly and against the will of complainant. Complainant testified that Cherry grabbed her by the neck and forced her into some bushes. This fact was corroborated by Regina Campbell, Assistant State's Attorney Markovitz and defendant. Although complainant and defendant's testimony regarding the issue of consent conflict, we find complainant's testimony to be credible. She testified that she cried and screamed throughout the incident. Furthermore, she repeatedly denied consenting to intercourse with either Cherry or defendant. Where the complainant's testimony is clear and convincing, as it is in the case at bar, it is sufficient to sustain a rape conviction despite the fact that it is contradicted by the accused. *People v. Sanders* (1976), 38 Ill. App. 3d 473, 348 N.E.2d 229.

Accordingly, we find that the evidence was sufficient to support a guilty verdict based on the fact that the acts of intercourse were committed by force and against the will of complainant.

■ Defendant first contends that the trial court committed reversible error when it instructed the jury on deranged consent since there was no medical evidence to support the instruction. We disagree. The State and defendant are entitled to instructions presenting their theories of the case. Even slight evidence relating to a theory will justify the instruction. (*People v. Isenberg* (1978), 60 Ill. App. 3d 325, 376 N.E.2d 778.) Complainant attended three different special education schools. She was 26 years old, but socialized with children who were less than half her age. Although expert testimony may have been helpful in assessing complainant's mental deficiencies, the jury was capable, as the trier of fact, of determining whether complainant could fully understand the physical and moral implications of sexual conduct. The evidence supports the State's theory that complainant lacked the mental capacity to consent to intercourse. Therefore, the trial court properly instructed the jury on the issue of deranged consent.

■ Second, defendant contends that the trial court erred in giving the jury an accountability instruction because there was no evidence that defendant aided or abetted Cherry in raping complainant.

It is well settled that even where the accountability instruction is inappropriate, any resultant error is harmless where sufficient evidence was presented upon which the jury could find defendant guilty

as a principal. (*People v. Dukett* (1974), 56 Ill. 2d 432, 308 N.E.2d 590, *cert. denied* (1974), 419 U.S. 965, 42 L. Ed. 2d 180, 95 S. Ct. 226; *People v. Feierabend* (1981), 98 Ill. App. 3d 731, 424 N.E.2d 765; *People v. Taglia* (1979), 76 Ill. App. 3d 199, 392 N.E.2d 725.) As stated above, there is ample evidence from which the jury could have found defendant guilty of rape as a principal. Therefore, we find no reversible error occurred here.

■ We find no merit in defendant's third contention that the trial court erred in restricting defense counsel's cross-examination. During the cross-examination of complainant, defense counsel made an offer of proof regarding complainant's failure to testify against Edward Cherry in juvenile court. The trial court ruled that defense counsel could not inquire on cross-examination as to why complainant failed to appear.

The trial court is vested with substantial discretion in determining the scope and manner of cross-examination. (*People v. Bivens* (1981), 101 Ill. App. 3d 8, 427 N.E.2d 791.) A court of review will interfere only where there is a clear abuse of discretion resulting in prejudice to defendant. (*People v. Bracey* (1981), 93 Ill. App. 3d 864, 417 N.E.2d 1029.) The trial court did not abuse its discretion in the instant case because an accomplice's guilt or innocence is irrelevant to defendant's guilt. Therefore, we find that the trial court could properly restrict defense counsel's cross-examination of complainant.

■ Defendant's final contention is that the trial court erred in entering judgments of conviction for both unlawful restraint and rape. We agree.

In *People v. McCann* (1979), 76 Ill. App. 3d 184, 394 N.E.2d 1055, the court held that all the elements of unlawful restraint are present in rape. A judgment of conviction may not be entered for lesser included offenses. (*People v. Coleman* (1980), 83 Ill. App. 3d 429, 403 N.E.2d 1266.) Therefore defendant's conviction for unlawful restraint must be reversed.

For the foregoing reasons, we affirm the conviction and sentence imposed for rape, and reverse the conviction for unlawful restraint.

Judgment affirmed in part, reversed in part.

GOLDBERG and CAMPBELL, JJ., concur.