THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD SANFORD, Defendant-Appellant.

Third District   No. 3—83—0282

Opinion filed November 9, 1983.

Robert Agostinelli and Verlin R.F. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Vicki R. Wright, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

Following a jury trial in the circuit court of Peoria County, the defendant, Ronald Sanford, was convicted of one count of rape and two counts of deviate sexual assault. The court imposed three concurrent sentences of 45 years' imprisonment.

The defendant raises two issues on appeal: (1) whether he was improperly convicted and sentenced for two counts of deviate sexual assault based on a series of closely related acts, and; (2) whether the trial court erred in imposing extended-term sentences.

On October 5, 1982, Kathy Allen, a social worker for the Department of Children and Family Services, made an appointment with the defendant regarding his children. Shortly after the social worker arrived at the defendant's apartment, she was taken at knife point into the bedroom where the defendant forced her to submit to repeated acts of intercourse and deviate sexual contact over a period of approximately 40 minutes. The defendant released Ms. Allen after taking money from her purse. Later that day, the defendant was arrested and charged with rape and two counts of deviate sexual assault based upon two separate acts of oral-genital contact with the victim.

The defendant, relying on *People v. Cox* (1972), 53 Ill. 2d 101,

argues that multiple convictions for two counts of a single offense based on a series of related acts cannot stand. In *Cox*, the defendant was convicted of two counts of indecent liberties with a child; one count involving sexual intercourse, the other involving deviate sexual conduct. Both acts were committed upon one victim during the course of a single attack. The court vacated one of the convictions holding that where offenses arise from a single transaction based upon two acts almost simultaneous in time, involving a single victim, and each of the acts is among several proscribed by a statute, the conduct constitutes a single offense and only one sentence should be imposed. Here, the defendant's two convictions for deviate sexual assault were based upon two acts with a single victim which were almost simultaneous in time. Also, the two acts were among those proscribed by the statute defining deviate sexual conduct. (Ill. Rev. Stat. 1981, ch. 38, par. 11—2.) Therefore, in accord with *Cox*, one of the defendant's convictions for deviate sexual assault must be vacated.

Despite the clear holding of the supreme court in *Cox* and its close similarity to the facts in the present case, the State, relying on *People v. Zeiger* (1981), 100 Ill. App. 3d 515, argues that the Third District no longer follows the *Cox* rationale. After reviewing *Zeiger*, we find that it is based upon a faulty interpretation of *Cox*.

In *Zeiger*, the defendant was convicted of two counts of deviate sexual assault based upon two deviate acts upon one victim which were almost simultaneous in time. Citing *People v. King* (1977), 66 Ill. 2d 551, the court held that *Cox* no longer applied to these facts. In so holding, the court ignored a significant distinction between the *Cox* and *King* cases.

In *King*, the Illinois Supreme Court held that multiple convictions and concurrent sentences should be permitted in cases where a defendant has committed several interrelated acts so long as the convictions are not for included offenses. However, in *King*, the court was discussing multiple convictions for separate and distinct statutory offenses. In *Cox*, the court was concerned with multiple convictions for the *same offense*. This crucial distinction has previously been recognized in *People v. Boyd* (1980), 87 Ill. App. 3d 978, 987, and *People v. Walton* (1973), 13 Ill. App. 3d 492, 495. In fact, the Third District Appellate Court has expressly found that *King* did not modify *Cox*. *People v. Short* (1978), 62 Ill. App. 3d 733, 736.

▪ After reviewing the aforementioned authority, we are drawn to the conclusion that *Cox* and *King* were meant to co-exist, each dealing with different sets of facts. For these reasons, we choose not to follow *Zeiger* but instead find that *Cox* is controlling. Judgment

will be entered accordingly.

The defendant next argues that the trial court erred in imposing an extended-term sentence because his offenses were not accompanied by exceptionally brutal or heinous behavior. In the alternative, the defendant argues that even if his conduct could be considered brutal or heinous, the 45-year sentences are still clearly excessive.

■ Absent a clear showing of an abuse of the trial court's discretion, a sentence will not be altered on review. (*People v. Cox* (1980), 82 Ill. 2d 268.) The defendant has failed to demonstrate that his sentences were not justified by the facts of record and therefore constituted an abuse of discretion. Our review of the facts indicate that extended-term sentences were appropriate.

■ The defendant forced the victim to submit to 40 minutes of continuous sexual abuse during which 12 acts of sexual and psychological abuse took place which we need not enumerate here. It is sufficient to say that the defendant's conduct was cruel, brutal, and degrading. Although the victim was not seriously harmed in a physical sense, the mental anguish and the strong possibility of harm which accompanied the defendant's use of a knife to intimidate the victim is sufficient to support a finding of exceptionally heinous behavior. The sentences are affirmed.

The defendant makes the final argument that if one of his convictions for deviate sexual assault is vacated, the cause should be remanded for resentencing since the trial court may have been influenced by that conviction when imposing sentence on the remaining convictions. We find no reason to remand.

■ ■ A case need not be remanded for resentencing where there is no indication that the sentencing court considered the vacated conviction. (*People v. Wilson* (1981), 93 Ill. App. 3d 395, 397.) Here, there is no evidence tending to show that the trial judge considered the extra conviction in passing sentence on the remaining convictions. Furthermore, we have reviewed the defendant's sentences and found that extended 45-year terms of imprisonment for rape and deviate sexual assault are within the court's discretion under the facts of this case.

Except for the vacation of the conviction and sentence on the second count of deviate sexual assault, the judgment of the circuit court of Peoria County is affirmed.

Affirmed in part; vacated in part.

STOUDER, P.J., and SCOTT, J., concur.