THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM P. MORRISSEY, Defendant-Appellant.

Third District   No. 3—84—0801

Opinion filed June 21, 1985.

Robert Agostinelli and Nancy Rink Carter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Peterlin, State's Attorney, of Ottawa (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

The defendant, William P. Morrissey, was convicted of felony theft by deception and felony theft by concealment. Judgment was entered following a bench trial on both convictions. The defendant was then sentenced to two years' probation and ordered to pay $15,000 restitution.

The charges in the case arose out of a financial transaction between the defendant and the victim, Mildred Pfeffer. The defendant was a retired bond underwriter. Pfeffer had been acquainted with the defendant for many years. During the course of their acquaintance, Pfeffer had twice given money to the defendant to invest for her.

On December 14, 1981, the defendant contacted Pfeffer regarding investment in municipal bonds. The defendant testified that "a quick check" led him to believe he could purchase bonds in blocks of $5,000 in Springfield or west of Chicago. Pfeffer sent the defendant $15,540 for investment in bonds yielding 10%. Pfeffer was aware that the defendant did not purchase the bonds immediately. However, in a letter dated March 17, 1982, the defendant told Pfeffer that the bonds were in safekeeping. In July 1982, the defendant sent two checks to Pfeffer ostensibly representing the interest earned on the bonds. He

also wrote her that he was considering switching her funds to a bond paying a higher interest rate. In December 1982, the defendant sent another check for interest due on the bonds he allegedly had purchased.

Pfeffer testified that after receiving the March 17, 1982, letter, she believed the defendant had purchased the bonds. However, in 1983 she contacted an attorney regarding the bonds. Through her attorney, Pfeffer demanded the return of her money. Over a period of several months, the defendant continuously asserted that he was attempting to raise the money to return to Pfeffer.

Other evidence at trial showed that at the time the defendant received the $15,000 from Pfeffer, judgments in excess of $200,000 were outstanding against the defendant's company.

The defendant was convicted on count I of the indictment, theft by concealment, and on count II, theft by deception. This appeal followed.

The defendant raises three issues on appeal: (1) whether he was proved guilty of theft by deception beyond a reasonable doubt; (2) whether the offense of theft by concealment was alleged and proved beyond a reasonable doubt; and (3) whether the defendant's convictions are based on two offenses carved from a single act. Because we affirm the defendant's conviction of theft by deception, we address his second and third issues summarily.

The defendant challenges his conviction of theft by deception, arguing that the State failed to prove the requisite elements of deception and intent.

■ A person commits theft by deception when he knowingly obtains by deception control over the property of an owner with the intent to permanently deprive the owner of its use or benefit. (Ill. Rev. Stat. 1983, ch. 38, par. 16—1(b)(1).) Control over the property must be obtained by deception. Deception is defined, in part, as failing to correct a false impression which the accused had previously created in the victim. (Ill. Rev. Stat. 1983, ch. 38, par. 15—4(b).) The deception need not be contemporaneous with the obtaining of possession or control of the property. *People v. Fowler* (1979), 72 Ill. App. 3d 491, 496, 390 N.E.2d 1377, 1380-81.

■ Clearly, on March 17, 1982, the defendant created the impression that he had purchased bonds for the victim. The defendant failed to correct this false impression. That the false impression was created subsequent to the defendant's obtaining control over the money is not dispositive. The State proved beyond a reasonable doubt that the defendant obtained control over Pfeffer's money by deception.

A second element of theft by deception is that the accused intended to permanently deprive the owner of the use or benefit of the property. "Permanently deprive" means, in part, to sell, give or otherwise transfer any interest in the property. (Ill. Rev. Stat. 1983, ch. 38, par. 15—3(d).) Thus, the accused must obtain control over the victim's property with the intent to sell, give or otherwise transfer any interest in the property.

Intent may be proved by circumstantial evidence (*People v. Ballard* (1978), 65 Ill. App. 3d 831, 382 N.E.2d 800) and may be inferred from the acts of the accused. (*People v. Curoe* (1981), 97 Ill. App. 3d 258, 422 N.E.2d 931.) In the instant case, the defendant sent letters to Pfeffer containing false statements regarding the disposition of the $15,000 fund entrusted to him. The $15,000 was never utilized to purchase bonds, although the defendant had almost two years to do so. At the time Pfeffer demanded the return of her money, the defendant had transferred the money from his bank account to an unknown person. Finally, at the time the defendant had control of Pfeffer's money, the financial condition of his business was very poor.

This evidence was sufficient to prove that at the time the defendant informed Pfeffer he had purchased bonds, he in fact intended to transfer the interest in that money by utilizing that money to salvage his business. That the defendant may have intended to repay the money at some future time does not destroy the intent. As to the $15,000 given to him by Pfeffer, he intended to sell or transfer the interest in that money.

We, therefore, find that the defendant was proved guilty of theft by deception beyond a reasonable doubt.

■ The defendant asserts, and the State concedes, that both of the defendant's convictions were carved from the same act. Accordingly, one conviction must be vacated. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273.) Because we vacate the defendant's conviction for theft by concealment, we do not consider whether the defendant was proved guilty of that offense.

■ Finally, we decline to remand for resentencing. The defendant was convicted of felony theft and sentenced to two years' probation. This is well within the statutory sentencing limits. The record is devoid of evidence that the trial court considered the now vacated conviction in imposing sentence. (*People v. Sanford* (1983), 119 Ill. App. 3d 160, 456 N.E.2d 333.) In fact, the trial court imposed only one sentence.

Accordingly, the judgment of the circuit court of La Salle County as to count I, felony theft by concealment, is vacated; in all other respects the judgment is affirmed.

Affirmed in part; vacated in part.

SCOTT and WOMBACHER, JJ., concur.