THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ARTHUR LOPEZ, Defendant-Appellant.

Third District   No. 3—85—0611

Opinion filed September 4, 1986.

HEIPLE, J., dissenting.

Nancy Rink Carter, of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Spencer, State's Attorney, of Morrison (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Defendant, Arthur Lopez, was charged in four counts with unlawful delivery and unlawful possession of cannabis on May 8, 1985, and unlawful possession of cannabis with intent to deliver and unlawful possession of cannabis on May 9, 1985. (Ill. Rev. Stat. 1985, ch. 56½, pars. 705(d), 704(d).) After a bench trial in the circuit court of Whiteside County, he was found guilty only of the May 9 offenses as charged. The court ordered a presentence investigation, and the cause proceeded to a sentencing hearing on October 4, 1985. The court sentenced defendant to four years' imprisonment in the Department of Corrections.

In this appeal, defendant claims error based on multiple convictions for a single act of possession of cannabis (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838), and requests that his cause be remanded for a new sentencing hearing. The State concedes that defendant's conviction for unlawful possession of cannabis (Ill. Rev. Stat. 1985, ch. 56½, par. 704(d)) should be vacated, but contends that

a remand for resentencing on the conviction for unlawful possession with intent to deliver (Ill. Rev. Stat. 1985, ch. 56½, par. 705(d)) is unnecessary.

Defendant argues two grounds in support of his request for remandment. Defendant argues that, because the court's comments in imposing his four-year sentence do not disclose whether or to what extent it was influenced by the possession offense, a remand is appropriate. In support of this argument, defendant cites *People v. Bone* (1982), 103 Ill. App. 3d 1066, 432 N.E.2d 329, *People v. Filker* (1981), 101 Ill. App. 3d 228, 427 N.E.2d 1311, and *People v. Birge* (1985), 137 Ill. App. 3d 781, 485 N.E.2d 37. (See also *People v. Guppy* (1975), 30 Ill. App. 3d 489, 333 N.E.2d 576.) The State resists this relief, arguing that we denied such in an analogous setting in *People v. Morrissey* (1985), 133 Ill. App. 3d 1069, 479 N.E.2d 1238.

The court's brief comments in sentencing defendant to a four-year term of imprisonment follow:

"[T]he Court is clearly of the opinion that Mr. Lopez, because of his past record, is not a good candidate for probation. Because of his prior record, I think it is justified that there be a period of incarceration. I don't think it is necessary that it be as long as recommended by the State. The Court will order commitment to the Department of Corrections for a term of 4 years, plus 1 year of mandatory supervised release."

Having reviewed the foregoing comments and the body of case law addressing the question of remandment in factually analogous settings we hold that remandment is appropriate here. (See *People v. Payne* (1983), 98 Ill. 2d 45, 54-55, 456 N.E.2d 44, 48-49, explaining *People v. Donaldson* (1982), 91 Ill. 2d 164, 435 N.E.2d 477, and citing with approval *People v. Buford* (1982), 110 Ill. App. 3d 46, 441 N.E.2d 1235.) In *Payne*, the court explained that remandment for resentencing is not necessary where separate sentences are imposed for each of multiple convictions, some of which are vacated on appeal, and there is no indication in the record that the sentencing court took into account the conviction being vacated in determining the length of the sentence for the remaining offense. By clear implication, where either factor is present—*i.e.*, a single sentence is imposed or where it appears from the record that the vacated conviction influenced the term imposed for the conviction being affirmed—fairness requires that defendant be afforded a new sentencing hearing. Here, as in *Bone, Guppy, Birge* and *Filker*, defendant was given a single sentence and there is no clear indication whether or not the court considered the now vacated conviction in determining the length of his sentence.

In *People v. Morrissey*, we declined to grant a remand for resentencing where a single sentence of probation had been imposed upon multiple convictions of theft (Ill. Rev. Stat. 1985, ch. 38, par. 16—1) for a single act. To the extent that our decision today may be inconsistent with our disposition therein, we hereby confine *Morrissey* to its own peculiar facts.

Having determined that remandment should be granted, we need not address defendant's second argument in support of his requests for this relief. For the reasons stated, we vacate defendant's conviction of unlawful possession of cannabis and remand this cause for resentencing on his conviction of unlawful possession with intent to deliver cannabis.

Vacated in part and remanded.

WOMBACHER, J., concurs.

JUSTICE HEIPLE dissenting:
Remandment in this case serves no purpose. The sentence imposed by Judge DeDoncker was perfectly appropriate under the circumstances of the case and reflected due consideration of all proper factors. There is no reason to suppose that any lesser sentence would be or should be imposed merely because a single lesser conviction has been vacated. This is the sort of unnecessary paper shuffling that explains in part the ponderous inefficiency of the appellate process.