THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEVEN PAULICK, Defendant-Appellant.

Second District   Nos. 2—87—0779, 2—87—0781 cons.

Opinion filed September 27, 1988.

Lawrence T. Rolla and Thomas Peters, of Murphy, Peters, Davis & O'Brien, both of Chicago, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Steven Paulick, was convicted in the circuit court of Du Page County of unlawful restraint (Ill. Rev. Stat. 1985, ch. 38, par. 10—3) and criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, par. 12—15). He appeals, contending that his conviction for unlawful restraint must be reversed because any detention of the victim was merely incidental to the sexual abuse and that his sentences are excessive. We reverse in part and affirm in part.

Lynn Dusthimer, a resident of Dallas, Texas, was in St. Charles, Illinois, on business on November 19, 1986. She was staying at the Indian Lakes Hotel in Bloomingdale. Sometime between 1 and 2 a.m. she returned to the hotel after an evening of dining and drinking with several co-workers. She got out of her car and began to reach into the backseat to get her coat when someone grabbed her by the neck from behind and told her to get back in the car. She initially thought it was a friendly prank by one of her co-workers, but when she turned around she did not recognize her attacker. Her attacker hit her head against the car and told her to get back in the car. She then struggled with the man for a few moments and broke free. She ran across the parking lot toward the hotel, but the man tackled her from behind. As the attacker straddled her waist, he reached his hand under her bra and touched her left breast. Then he ran away. Dusthimer later identified defendant as her attacker.

Defendant was arrested and charged with unlawful restraint and criminal sexual abuse. The jury found him guilty of both offenses. At sentencing, the State presented evidence of a rape in which the victim identified defendant as the perpetrator. Following defendant's mitigating evidence, the court sentenced defendant to one year for unlawful restraint and six months for criminal sexual abuse. Defendant appeals, contending that his conviction for unlawful restraint must be reversed because it was based on and was incidental to the same act, criminal sexual abuse. Defendant also challenges his sentences. He ar-

gues that if the unlawful restraint conviction is reversed, he should be resentenced for criminal sexual abuse and further contends that, even if both convictions are affirmed, the sentences are excessive.

■ In *People v. King* (1977), 66 Ill. 2d 551, 566, the supreme court held that prejudice results to a defendant for multiple convictions when multiple offenses are carved from the same physical act, or when the defendant is convicted of different offenses based on different acts, some of which are lesser included offenses. The court defined "act" as "any overt or outward manifestation which will support a different offense." 66 Ill. 2d at 566.

This court has previously found that deviate sexual assault inherently contains an element of detention of the victim and, thus, a defendant convicted of deviate sexual assault and unlawful restraint was entitled to have his unlawful restraint conviction reversed as a lesser included offense. (*People v. Weis* (1983), 120 Ill. App. 3d 597, 601; see also *People v. Kim* (1986), 148 Ill. App. 3d 191, 199; *People v. Wrice* (1986), 140 Ill. App. 3d 494, 501; *People v. Young* (1983), 115 Ill. App. 3d 455, 468-70.) In *Young*, this court observed:

> "The record indicates that the trial court based the aggravated kidnaping conviction upon defendant's act of grabbing and throwing the complainant against the wall of the shed immediately prior to the rape. Although this act is clearly a separate 'overt manifestation' than the actual rape which followed (see *King*), it is also evident that this act initiated the struggle which culminated in the rape and was designed to detain complainant in the shed for the purpose of committing the subsequent rape." 115 Ill. App. 3d at 469.

We also note that the statute, for purposes of criminal sexual abuse, defines "force or threat of force" as including physical restraint. Ill. Rev. Stat. 1985, ch. 38, par. 12—12(d)(2).

In the instant case, the act that constituted the force required to prove sexual abuse was the same act that constituted unlawful restraint. Consequently, under *King*, both convictions cannot stand. We must therefore move on to consider which of the two convictions must fall.

■ Our supreme court has previously found that where only one sentence is to be imposed, that sentence should be for the greater offense. (*People v. Duszkewycz* (1963), 27 Ill. 2d 257, 261; see also *People v. Donaldson* (1982), 91 Ill. 2d 164, 170.) Thus, in determining which conviction should stand, reference should be made to the statutes to determine which crime the General Assembly thought more serious. See *Duszkewycz*, 27 Ill. 2d at 261.

Previous cases have dismissed the unlawful restraint conviction where the other conviction was for rape or deviate sexual assault. (*E.g., Kim*, 148 Ill. App. 3d at 199; *Wrice*, 140 Ill. App. 3d at 501; *Weis*, 120 Ill. App. 3d at 601.) In those cases, the unlawful restraint conviction was for the lesser charge. However, such is not the case presented here. In the instant case, it is the unlawful restraint which is the more serious crime. The statutes designate unlawful restraint as a Class 4 felony (Ill. Rev. Stat. 1985, ch. 38, par. 10—3(b)) and sexual abuse as a Class A misdemeanor (Ill. Rev. Stat. 1985, ch. 38, par. 12—15(c)). Consequently, we find that the conviction for sexual abuse should be dismissed.

We note that in arguing that his unlawful restraint conviction should be reversed, defendant has cited *People v. Kuykendall* (1982), 108 Ill. App. 3d 708. In *Kuykendall*, the Appellate Court for the Fourth District reversed a conviction for unlawful restraint. (108 Ill. App. 3d at 711.) In so doing, the court stated that if the detention arises as a result of some other and differently motivated criminal conduct, it is only derivative and circumstantially related. We disagree with *Kuykendall* to the extent that it suggests that we should focus on the motive of defendant and reverse the unlawful restraint conviction because it is a lesser included crime of the criminal sexual abuse.

Defendant also challenges the propriety of his sentence. Defendant's first argument in this respect assumes the impropriety of the conviction for unlawful restraint. Since we affirm that conviction, we feel no need to address defendant's contention.

Defendant's second contention challenges both sentences as an abuse of discretion, arguing that the trial court failed to give sufficient consideration to defendant's rehabilitative potential.

■ It is well settled that the sentence to be imposed is a decision peculiarly within the discretion of the trial court, and the trial court's sentencing decisions will not be disturbed on appeal absent an abuse of that discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 153.) Furthermore, although the court is required to consider a defendant's rehabilitative potential, it need not give greater weight to this factor than to the seriousness of the offense or other aggravating factors. (*People v. Brajcki* (1986), 150 Ill. App. 3d 506, 515.) In the instant case, the court sentenced defendant to one year's imprisonment for unlawful restraint, the minimum sentence for a Class 4 felony (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(7)). The court properly found that probation would deprecate the seriousness of the offense. In addition, the court stated that it found defendant's testimony unbelievable. Based on these proper aggravating factors, the sentence of

one year was not an abuse of discretion.

For the foregoing reasons, defendant's conviction and sentence for criminal sexual abuse is reversed, and the conviction and sentence for unlawful restraint are affirmed.

Reversed in part and affirmed in part.

REINHARD and DUNN, JJ., concur.