THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. GENEVA POWELL, Respondent-Appellant.

Fourth District   No. 4—89—0732

Opinion filed June 29, 1990.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles Colburn, State's Attorney, of Jacksonville (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

Defendant, Geneva Powell, was charged with both State benefits fraud when more than $300 is obtained (Ill. Rev. Stat. 1989, ch. 38, par. 17—6) and theft of property having a value in excess of $300 (Ill. Rev. Stat. 1989, ch. 38, par. 16—1(a)(1)), was convicted at a bench trial of only State benefits fraud, yet was sentenced on both charges—five years in prison for each offense, to be served concurrently. In addition, the court imposed restitution on defendant in the amount of $5,710.

On appeal, defendant argues that her theft conviction must be vacated because (1) it is based upon the same physical acts which underlie the conviction of State benefits fraud, and (2) the trial court never entered a guilty verdict with regard to the theft charge. Defendant also argues that the order of restitution must be vacated because no evidence was presented to support the amount ordered.

■ The State has conceded (and we agree) that the offenses defendant was convicted of arose from the same physical acts. As a result, only one judgment of conviction may stand. (*People v. King* (1977), 66 Ill. 2d 551, 565, 363 N.E.2d 838, 844; *People v. Heidorn* (1983), 114 Ill. App. 3d 933, 939, 449 N.E.2d 568, 574.) Because the record shows no affirmative finding of guilt as to the theft charge, we reverse that part of defendant's sentence.

Defendant additionally argues that the order of restitution imposed against her must be vacated because no evidence was presented to support the amount ordered.

■ Regarding this issue, section 5—5—6(b) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—6(b)) states the following:

> "(b) In fixing the amount of restitution to be paid in cash *** the court shall assess the actual out-of-pocket expenses, losses, damages, and injuries *** proximately caused by the same criminal conduct of the defendant ***." Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—6(b).

Citing *People v. Sharp* (1989), 185 Ill. App. 3d 340, 541 N.E.2d 689, a decision of the Fifth District Appellate Court, defendant argues that there was no evidence before the trial court at the sentencing hearing to support the imposition of the restitution order of $5,710. Instead, she claims that the evidence presented at trial showed the State suffered, at most, a loss of $1,928.

■ Section 5—3—1 of the Code (Ill. Rev. Stat. 1989, ch. 38, par. 1005—3—1) states that a defendant shall not be sentenced for a felony before a written presentence investigation is presented to and consid-

ered by the court. In *People v. Youngbey* (1980), 82 Ill. 2d 556, 564, 413 N.E.2d 416, 421, the supreme court construed this provision to be mandatory.

Further, section 5—3—2(d)(3) of the Code, governing presentence reports, provides the following:

"(a) [T]he presentence report shall set forth:
* * *

(3) the effect the offense committed has had upon the victim or victims thereof, and any compensatory benefit that various sentencing alternatives would confer on such victim or victims * * *." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—3—2(a)(3).)

We construe section 5—3—2(a)(3) of the Code as requiring a discussion of restitution in the presentence report.

■ Additionally, section 5—4—1 of the Code (Ill. Rev. Stat. 1989, ch. 38, par. 1005—4—1) governs the proceedings at sentencing hearings. That section directs in pertinent part that at the sentencing hearing, "the court *shall* * * * consider any presentence reports." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—4—1(a)(2).) In accordance with section 5—3—1, a presentence report was prepared and filed in this case.

The record of the sentencing hearing conducted in this case reveals that both the court and counsel received the presentence report, which had been prepared in advance of that hearing by the Morgan County probation office. Under the heading "VICTIM AND RESTITUTION," that report stated that Special Agent Ned Bandy of the Illinois Department of State Police Criminal Investigation Fraud and Forgery Division "advises the amount of restitution they are seeking in this case is $5710." This information was apparently the basis of the court's order of restitution.

■ Given the quoted statutory provisions regarding presentence reports and sentencing hearings, we hold that *all* information appearing in a presentence report may be relied upon by the sentencing judge to the extent the judge finds the information probative and reliable. In so holding, we are not requiring the judge to specify for the record those portions of the presentence report upon which the judge is relying.

■ To the extent that either the defendant or the State may believe that the presentence report contains inaccuracies, we hold that they have the burden to call any such inaccuracy to the court's attention at the start of the sentencing hearing. The better practice would be for the court, at the start of the sentencing hearing, to inquire of all counsel whether they have received the presentence report and

whether they found any inaccuracies therein. However, irrespective of whether this practice is followed, we hold that the failure to object to any alleged inaccuracies in the presentence report waives that claim on appeal.

The case before us is a good example of the reason for this holding. During the sentencing hearing, defense counsel argued against the wisdom of imposing a restitution order of $5,710 upon a woman of defendant's limited means; defense counsel, however, never disputed the accuracy of the $5,710 figure itself.

Given the statutory scheme regarding the preparation and use of presentence reports, and given further that the reports are prepared by probation officers who are judicial employees, working under the direction and supervision of the local judiciary, we find that a tremendous waste of valuable and limited judicial resources would occur if sentencing judges were not permitted to consider *all* information contained in presentence reports to the extent the judge finds the information to be probative and reliable.

■ In the absence of some specific claim of inaccuracy in a presentence report, we hold that evidence *in addition to information contained in the presentence report* is not required. Thus, in the present case, no additional evidence regarding restitution, beyond the information on that subject contained in the presentence report, was required. Accordingly, we affirm the trial court's order of restitution.

To the extent that the *Sharp* case is inconsistent with the views expressed herein, we decline to follow it.

For the reasons stated, defendant's conviction and sentence for State benefits fraud is affirmed. Defendant's sentence for theft is reversed, and the cause is remanded with directions that a modified sentencing order be entered.

Affirmed in part; reversed in part and remanded with directions.

KNECHT, P.J., and LUND, J., concur.