THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROSIE BROWN, Defendant-Appellant.

Fourth District   No. 4—91—0273

Opinion filed December 19, 1991.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Leslie Hairston, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant Rosie Brown pleaded guilty to one count of criminal sexual assault in that between January 1989 and December 1989 she allowed her son, to whom we shall refer as "A," a person under 18 years of age, to place his penis in her vagina. (Ill. Rev. Stat. 1989, ch. 38, par. 12—13(a)(3).) Defendant was thereafter sentenced to eight years' imprisonment.

On appeal, the only issues raised concern the sentence. Defendant argues the sentence was excessive and resulted from an abuse of discretion. She also contends the sentencing court should not have considered testimony of a therapist concerning the out-of-court statements of defendant's two sons regarding other criminal conduct by her of which she had not been convicted.

Specifically, defendant contends the trial court should not have considered the testimony of Dr. Elizabeth A. Scott, a psychologist under contract to do counseling work for the Illinois Department of Children and Family Services. Her testimony concerned her counseling sessions with defendant's sons, A (born May 27, 1976), and a younger son (born December 5, 1977), and their relating sexual contact with defendant over a period encompassing four or five years. On appeal, defendant argues that hearsay evidence of prior criminal activity for which there has been no conviction is inadmissible at sentencing (*People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344; *People v. Stoutenborough* (1978), 64 Ill. App. 3d 489, 381 N.E.2d 415), and that the State failed to qualify this testimony under any statutory exception to the rule against hearsay. See, *e.g.*, Ill. Rev. Stat. 1989, ch. 38, pars. 115—10, 115—13.

■ Initially, we note that the issue is waived since defendant did not object on this ground at the sentencing hearing and did not raise this issue in her motion to reduce the sentence. (*People v. Carroll* (1990), 195 Ill. App. 3d 445, 552 N.E.2d 361, *appeal denied* (1990), 132 Ill. 2d 548, 555 N.E.2d 379; *People v. Killings* (1986), 150 Ill. App. 3d 900, 501 N.E.2d 1363.) On the merits, we find no error occurred. The parties argue the applicability of section 115—10 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 115—10) and whether compliance with these provisions was had.

There is no reason to address the applicability of this section in this case.

At the sentencing hearing, defendant indicated there were no additions or corrections to the presentence investigation report. There is extensive reference in the report to the sexual relations of defendant with the boys. In addition, there is a reference to the boys being adjudicated abused minors based on allegations of sexual abuse. We consider evidence of such a judicial determination to be admissible as would be the report of a prior conviction of defendant. Even though the burden of proof may be different, the reliability of the facts has been sufficiently established so that those facts are admissible at a sentencing hearing, though they would not be at an earlier stage.

■ At the sentencing stage, the judge is not strictly bound by the rules of evidence which govern the trial to determine defendant's guilt. Instead, as long as care is taken to ensure the accuracy of the information and avoid any prejudice from improper material, the sentencing judge may search anywhere within reasonable bounds to discover facts in aggravation or mitigation, particularly those which pertain to the defendant's moral character, mentality, habits, social environment, abnormal or subnormal tendencies, age, natural inclination or aversion to commit crime, and the stimuli which motivated the conduct. (*La Pointe*, 88 Ill. 2d at 494-99, 431 N.E.2d at 349-52.) Here, there was sufficient indicia of reliability for the trial court to consider the adjudication in the juvenile proceeding and to consider the testimony of Scott, which assisted the sentencing judge to more fully comprehend the basis for the finding in the juvenile proceeding.

■ With regard to the severity of the sentence, defendant argues the trial judge relied too heavily on the fact that the sexual conduct of defendant with her sons persisted over a long period of time. According to defendant, there are several factors in mitigation, such as the absence of a prior criminal record or involvement in drugs or alcohol, full-time employment, a suitability report indicating defendant was a qualified candidate for the intensive probation supervision program, and the fact defendant informed the court she was fully prepared to satisfy any requirements deemed appropriate for probation under section 5—5—3(e) of the Unified Code of Corrections. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(e).) As a result, defendant concludes it was an abuse of discretion for the trial judge to reject a sentence of probation and to impose an eight-year sentence of imprisonment.

When a sentence is imposed which is within the permissible statutory range for the offense to which defendant pleaded guilty, the sentence will not be overturned on review in the absence of a showing

that the sentence resulted from an abuse of discretion. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541; *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) Defendant pleaded guilty to a Class 1 felony (Ill. Rev. Stat. 1989, ch. 38, par. 12—13(b)), the permissible statutory range of imprisonment which is not less than 4 years nor more than 15 years (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(a)(4)).

Only under certain express conditions may a person convicted of criminal sexual assault be sentenced to probation. (Ill. Rev. Stat. 1989, ch. 38, pars. 1005—5—3(c)(2)(H), 1005—5—3(e).) The trial court considered the mitigating factors and aggravating factors and found a sentence of probation would deprecate the seriousness of the offense. The defendant was sentenced to eight years' imprisonment. On this record, we find no abuse of sentencing discretion.

Accordingly, the judgment of the circuit court of Champaign County is affirmed.

Affirmed.

GREEN, P.J., and STEIGMANN, J., concur.