THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD L. YEAST, Defendant-Appellant.
Fourth District    No. 4—91—0705

Opinion filed October 15, 1992.

---

Daniel D. Yuhas and David P. Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman, and Beth McGann, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

Defendant Richard L. Yeast was found guilty by a jury of unlawful restraint, a Class 4 felony, and criminal sexual abuse, a Class A misdemeanor. (Ill. Rev. Stat. 1989, ch. 38, pars. 10—3, 12—15.) Defendant received a sentence of two years of imprisonment for unlawful restraint and a concurrent sentence of 364 days of imprisonment for criminal sexual abuse. Defendant appeals. We affirm in part, and vacate in part.

A.P. testified that on March 4, 1989, she attended a party at an apartment on the first floor of her building. A.P. testified she left the party at about 2 a.m., went upstairs to her apartment, and went to sleep on the couch in her living room. When she awoke, she found a man lying on top of her. The man had his hands under A.P.'s nightshirt, and was fondling her breasts and kissing her mouth and neck. A.P. believed that the man may have been a friend, but she wanted him to leave so she pushed him off of her, with some difficulty, and went into her bedroom. She tried to push him off probably five times before she was successful. The man followed her and started to get into the bed with her. A.P. left her bedroom and went across the hallway to another apartment to get help. A.P. woke one of her roommates, L.C., who was sleeping across the hall, and the two of them returned to their apartment. They did not find anyone in the living room or in the bedroom they shared, but they noticed that the door to the other bedroom was closed and locked. The other bedroom was shared by A.P.'s sister, M.P., and another woman. Because it was unusual for this door to be locked, A.P. and L.C. knocked on the door. Eventually the door was opened by a man whom A.P. and L.C. later identified as defendant. L.C. asked the man who he was and what he was doing in the apartment. The man responded that he was with one of the girls that lived in the apartment. Neither A.P. nor L.C. had ever seen the man before that evening, and they did not know why he was in their apartment. After A.P. told the man to leave the apartment, he picked up his blue-jean jacket from a chair in the living room and left. A.P. ran back across the hall and asked the men in that apartment to call the police. M.P. testified that on March 5, 1989, she awakened to hear her sister outside the door saying, "Leave her alone. That is my sister in there." M.P. did not hear any other statements. She did not see anyone in the room, did not get out of bed, and returned to sleep. M.P. did not know defendant prior to March 5.

Approximately a month later, on April 1, 1989, A.P. attended another party at the same first-floor apartment. A.P. saw defendant

walk into the room and immediately recognized him as the man who had been in her apartment the previous month. She quickly left the party with her friend, C.F. They went to A.P.'s apartment and told someone to call the police. C.F. returned to the party with two neighbors to try to detain defendant until the police arrived. A.P. then went downstairs and confirmed that defendant was the same man. Soon thereafter defendant looked at C.F. and said, "I thought you knew." C.F. asked defendant what he meant, and he responded, "Forget it." C.F. testified that she had never seen defendant prior to the party.

Defendant's first contention is that he was not proved guilty of either offense beyond a reasonable doubt. Defendant claims no evidence was presented that the man seen leaving M.P.'s room was the man who had fondled A.P. on the couch a few minutes earlier. Defendant also claims that the separate identifications of him by A.P. and L.C., as the man leaving M.P.'s room, were not reliable since they were made under circumstances which created a substantial likelihood of an inaccurate identification. When the identification of the accused is in question the State may meet its burden of proof by offering a positive identification by a single witness who had ample opportunity to observe defendant. (*People v. Tate* (1981), 87 Ill. 2d 134, 148, 429 N.E.2d 470, 477-78; *People v. Novotny* (1968), 41 Ill. 2d 401, 411-12, 244 N.E.2d 182, 188.) After resolving the factual disputes and assessing the credibility of the witnesses (*People v. Williams* (1982), 93 Ill. 2d 309, 315, 444 N.E.2d 136, 138), the jury then determines whether the State has met this burden. (*People v. McDonald* (1975), 62 Ill. 2d 448, 456, 343 N.E.2d 489, 493.) The judgment of the trial court will not be substituted unless the evidence is so improbable as to raise a reasonable doubt of defendant's guilt. *People v. Carlson* (1980), 79 Ill. 2d 564, 583, 404 N.E.2d 233, 241.

Two positive and credible in-court identifications were made in this case. At trial, A.P. made an in-court identification of defendant as the man who laid on top of her, and as the man who was locked in M.P.'s room. Although A.P. had consumed several glasses of beer at a party earlier, she had slept about four hours before the incident occurred and did not feel that she was under the influence of alcohol when she viewed defendant. L.C. also made an in-court identification of defendant as the man in M.P.'s room after A.P. called her for help. Both A.P. and L.C. testified that the sun was coming up that morning and they were able to see defendant's face fully when he was standing in front of M.P.'s door. Describing the viewing, A.P. testified, "It didn't happen quickly. I got a very good look at him. Very good. And I

don't forget faces very good. I am pretty good with faces." Regarding her identification of defendant at the party on April 1, A.P. testified during the jury proceedings that, "It was him. I know him. I cannot forget his face." Both A.P. and L.C. testified that defendant was the same man who was in their apartment on March 5. Finally, A.P. testified that before leaving their apartment on March 5, defendant picked up a blue-jean jacket from a chair in the living room. Defendant was also wearing a blue jacket when he was arrested at the party on or about April 1.

Although A.P. may not have been certain who the man in her apartment was when she went for help, the evidence was sufficient for the jury to conclude beyond a reasonable doubt that defendant was the man who held A.P. down on the couch while he fondled her, and the same man who then locked himself in M.P.'s room. Considering the in-court identifications of defendant made by A.P. and L.C., we cannot say, after construing all the evidence in the light most favorable to the State, that no rational trier of fact could find defendant guilty of criminal sexual abuse beyond a reasonable doubt. *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789; *People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277.

Defendant contends that the conviction for criminal sexual abuse must be vacated because that conviction was based upon the same act as was the conviction for unlawful restraint. (*People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844; *People v. Powell* (1990), 199 Ill. App. 3d 291, 293, 556 N.E.2d 896, 897.) We disagree with this contention, but based on legislative intent, find that the unlawful restraint conviction must instead be vacated.

*King* announced the following rules for dealing with concurrent sentences:

> "[(1)] Prejudice results to the defendant only in those instances where more than one offense is carved from the same physical act. [(2)] Prejudice, with regard to multiple acts, exists only when the defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses. [(3)]Multiple convictions and concurrent sentences should be permitted in all other cases where a defendant has committed several acts, despite the interrelationship of those acts." (*King*, 66 Ill. 2d at 566, 363 N.E.2d at 844.)

If this case involves only a single physical act under rule (1), or multiple acts and lesser included offenses under rule (2), then defendant cannot be convicted of both unlawful restraint and criminal sexual

abuse, even if the sentences for the two convictions would run concurrently. The distinction between rule (2) and rule (3) is between offenses closely related to each other (only one conviction permitted) and offenses not closely related (multiple convictions possible). All this is important because multiple convictions, even where the sentences run concurrently, might be prejudicial in unanticipated situations, such as determining a defendant's parole opportunities. *King*, 66 Ill. 2d at 564-66, 363 N.E.2d at 844-45 (however, under section 3—3—5(c)(2) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1003—3—5(c)(2)), the parole board may in any event consider conduct which would constitute a lesser included offense).

In contrast to those offenses where the victim is unable to give knowing consent, a criminal sexual abuse by the use of force or threat of force will generally first involve a physical restraint of the victim. This case is somewhat unusual because the victim was asleep when defendant first touched her. It could be argued the present case fits within any of the three rules set out in *King*. The act of lying on top of the victim could be viewed as a single act by which both physical restraint and criminal sexual abuse were accomplished, and therefore this case would fit under rule (1). The act of lying on top of the victim could be viewed as the act by which the physical restraint was accomplished, and the fondling of the victim's breasts and kissing her mouth and neck could be viewed as the acts by which the criminal sexual abuse was accomplished, thereby placing this case within rule (2). If the physical restraint here were held not to be a lesser included offense of criminal sexual abuse (the question what constitutes a lesser included offense is often a difficult one), then this case would fit within rule (3), and there could be convictions on both charges so long as there were concurrent sentences.

Unlawful restraint, a Class 4 felony (Ill. Rev. Stat. 1989, ch. 38, par. 10—3), may clearly be a lesser included offense of criminal sexual *assault* by the use of force or threat of force, a Class 1 felony. (Ill. Rev. Stat. 1989, ch. 38, pars. 12—13(a)(1), (b).) The phrase "[f]orce or threat of force" is defined to include physical restraint. (Ill. Rev. Stat. 1989, ch. 38, par. 12—12(d)(2).) When a defendant is convicted of both unlawful restraint and criminal sexual *assault*, the conviction of unlawful restraint must be vacated (see, *e.g., People v. Allman* (1989), 180 Ill. App. 3d 396, 405, 535 N.E.2d 1097, 1102 (holding unlawful restraint an included offense of aggravated criminal sexual assault, so conviction on the former was vacated); *People v. Geneva* (1990), 196 Ill. App. 3d 1017, 1029, 554 N.E.2d 556, 564 (holding criminal sexual assault and unlawful restraint included offenses of aggravated crimi-

nal sexual assault, and vacating convictions and sentences on former offenses))—unless based on separate acts. Similarly, it appears unlawful restraint could be a lesser included offense of criminal sexual *abuse* by the use of force or threat of force, a Class A misdemeanor (Ill. Rev. Stat. 1989, ch. 38, pars. 12—15(a)(1), (d)), except in such a case unlawful restraint is the greater offense, rather than the lesser offense.

In *People v. Paulick* (1988), 174 Ill. App. 3d 868, 869, 529 N.E.2d 28, 28-29, defendant grabbed the victim by the neck, told her to get into a car, hit her head against the car, struggled with her, chased her across a parking lot, tackled her, straddled her waist, and finally reached his hand under her bra and touched her breast. *Paulick* held that where a defendant is convicted of unlawful restraint and criminal sexual abuse both convictions cannot stand, and the sentence should be for the most serious offense, the unlawful restraint, citing *People v. Duszkewycz* (1963), 27 Ill. 2d 257, 261, 189 N.E.2d 299, 301. (*Paulick*, 174 Ill. App. 3d at 870-71, 529 N.E.2d at 29-30.) In *Duszkewycz* the charges were separate offenses; neither was an included offense of the other. The charges were incest and rape, which had a common element, unlawful carnal knowledge. Rape also required proof of force and lack of consent, and incest required proof of relationship. *Duszkewycz*, 27 Ill. 2d at 259, 189 N.E.2d at 300.

With all these cases legislative intent is paramount. (*People v. Donaldson* (1982), 91 Ill. 2d 164, 168, 435 N.E.2d 477, 479 (if the legislature so intended, a single physical act could support multiple convictions).) We reject the idea that when the legislature specifically defined the conduct which constitutes criminal sexual abuse, and made that conduct a Class A misdemeanor, the legislature intended the aspect of unlawful restraint inherent in every case of sexual abuse by the use of force to swallow up the misdemeanor and convert it to a Class 4 felony. In cases where the conduct goes further than that inherent in sexual abuse, where the restraint is independent of the sexual abuse, there can be a separate conviction of unlawful restraint. (*People v. Leonhardt* (1988), 173 Ill. App. 3d 314, 322, 527 N.E.2d 562, 567; *People v. Sperow* (1988), 170 Ill. App. 3d 800, 814, 525 N.E.2d 223, 233; see *People v. Kuykendall* (1982), 108 Ill. App. 3d 708, 710, 439 N.E.2d 521, 523 (holding that unlawful restraint could not even be an included offense); *cf. Paulick*, 174 Ill. App. 3d at 870-71, 529 N.E.2d at 30; *People v. Bergin* (1992), 227 Ill. App. 3d 32, 43-44, 590 N.E.2d 939, 947-48.) There can be a separate punishment, *i.e.*, a *consecutive* sentence, for an unlawful restraint committed as part of a single course of conduct, but only if there was a substantial

change in the nature of the criminal objective. Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(a); *King*, 66 Ill. 2d at 566, 363 N.E.2d at 844 ("independent motivation" test only relevant in determining whether consecutive sentences can be imposed).

Whether this case fits under rule (1) or rule (2) as announced in *King*, we see nothing in *King*, or in any other decision of the supreme court, which requires that the conviction for criminal sexual abuse be vacated here and the conviction and sentence for unlawful restraint allowed to stand. We agree with the result in *Paulick* based on its facts, where the restraint seemed to be so much more vicious than the abuse. We hold that the conviction on the included offense should stand when the penalty for that offense is greater and the conduct giving rise to the offense dominates over the other elements of the principal offense. In the present case, however, the restraint was slight and the dominant offense was the sexual abuse. In the situation of the present case we hold the appropriate procedure is to allow only the conviction for the principal offense to stand. Unlike the situations in *Paulick* and in *Bergin*, in this case we find that the conduct alleged to constitute unlawful restraint was only that inherent in every case of sexual abuse by force. Accordingly we vacate the conviction and sentence for unlawful restraint and affirm the conviction and sentence for sexual abuse.

Defendant's last contention is that the sentencing decision of the trial court was an abuse of discretion. Criminal sexual abuse is a Class A misdemeanor with a possible sentence of less than one year. (Ill. Rev. Stat. 1989, ch. 38, pars. 12—15(d), 1005—8—3(a)(1).) The State recommended a term of incarceration in the Department of Corrections, while defendant asked for probation. The probation department informed the court that it would not accept defendant for intensive probation supervision. The court imposed two years of imprisonment for unlawful restraint, the conviction and sentence on which we have now vacated, and a concurrent 364 days of imprisonment for criminal sexual abuse.

Defendant argues the trial court committed reversible error by overruling defense objections to the accuracy of unsubstantiated allegations in the presentence report. Defendant objected to a portion of the presentence report which alleged that his participation in an alcohol-abuse program had been terminated because of his " 'inappropriate remarks and advances of a sexual nature to another male treatment peer.' " The representation was from a letter written by a member of the treatment program staff. Defendant denied that the incident had ever occurred, and asked that the matter be stricken un-

less "there's some way that this allegation can be tested by cross-examination." The trial court overruled the objection, stating that the statement would be admitted to show that someone at the treatment center made the statement, but not for the truth of the statement. The trial court considered the statement as the reason given for defendant's termination from the alcohol-abuse program, but expressly refused to consider whether the statement was true.

Absent an abuse of discretion, a reviewing court may not alter the trial court's sentencing determination. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 492, 431 N.E.2d 344, 348; *People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882, 883.) The judge is not strictly bound by the rules of evidence at a sentencing hearing. (*People v. Brown* (1991), 223 Ill. App. 3d 347, 349, 584 N.E.2d 930, 932.) As long as care is taken to ensure the accuracy of the information and avoid any prejudice from improper material, the sentencing judge may search anywhere within reasonable bounds to discover facts in aggravation or mitigation. (*La Pointe*, 88 Ill. 2d at 496-98, 431 N.E.2d at 350-51; *Brown*, 223 Ill. App. 3d at 349, 584 N.E.2d at 932.) All information appearing in a presentence report may be relied upon by the sentencing judge to the extent the judge finds the information probative and reliable. (*Powell*, 199 Ill. App. 3d at 294, 556 N.E.2d at 898.) To the extent that either the defendant or the State may believe that the presentence report contains inaccuracies, they have the burden to call any such inaccuracy to the court's attention at the start of the sentencing hearing. *Powell*, 199 Ill. App. 3d at 294, 556 N.E.2d at 898.

■■ In this case the trial court did not allow cross-examination to rebut the truth of a disputed statement from the presentencing report. However, the trial judge acknowledged the hearsay problem, and determined that the statement could only be considered to show it was made, not relied upon for the truth of the matter asserted. In determining an appropriate sentence the trial court relied on the presentence investigation report, and the fact that defendant's criminal history had become more serious over time. The presentence report indicated that defendant had received convictions for a prior felony, nine misdemeanors, and 11 traffic offenses. The trial court did not rely on the objected-to statement from the presentence report except for the purpose of showing that someone made such a claim. Overall, the record establishes the trial court in this case carefully considered the evidence within the prescribed statutory framework, including the statutory factors in mitigation and aggravation, the presentence investigation report, and the credibility and demeanor of the witnesses. The trial court did not abuse its discretion in sentencing defendant to

364 days of imprisonment for the offense of criminal sexual abuse. That sentence is affirmed.

Accordingly, defendant's conviction and sentence for criminal sexual abuse is affirmed; and the conviction and judgment for unlawful restraint is vacated.

Affirmed in part and vacated in part.

GREEN, P.J., and LUND, J., concur.