THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LAWRENCE WILLIS, Defendant-Appellant.

Fourth District No. 4—03—0843

Opinion filed October 24, 2005.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Brown, State's Attorney, of Pontiac (Norbert J. Goetten, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

In November 2001, a jury found defendant, Lawrence Willis, an inmate at Pontiac Correctional Center, guilty of aggravated battery (720 ILCS 5/12—4(b)(6) (West 2000)). In December 2001, the trial court sentenced him to five years' imprisonment in the Illinois Department of Corrections (DOC) to be served consecutively to his prior convictions. Defendant appeals, arguing the court erred by considering his prison disciplinary record when making its sentencing determination. We affirm.

## I. BACKGROUND

In August 2001, the State charged defendant with aggravated battery (720 ILCS 5/12—4(b)(6) (West 2000)), alleging he knowingly made physical contact of an insulting or provoking nature with a correctional institution employee who was engaged in the execution of his official duties. In November 2001, his jury trial was held and the testimonies of several correctional officers and defendant were presented.

Specifically, correctional officer Timothy Carlton testified that, while escorting defendant to the prison's segregation yard, he noticed defendant's prison identification had been impermissibly altered. Carlton attempted to return defendant to his cell in accordance with prison rules. However, defendant became combative and resistant, and the assistance of another correctional officer was required to subdue him. Once defendant was returned to his cell, he spat on Carlton through the steel-mesh door of his cell. Defendant's spit hit Carlton on the right side of his face.

Two other correctional officers testified at defendant's trial and both corroborated the essential elements of Carlton's testimony. By contrast, defendant testified on his own behalf and denied intentionally spitting on Carlton. After hearing the evidence and the arguments of the parties, the jury found defendant guilty of the charged offense.

In December 2001, defendant's presentence investigation report was filed. Among other things, the report noted defendant's significant criminal history as a juvenile offender with offenses including and involving theft, burglary, and drugs. Further, it noted defendant's two adult convictions for drug-related offenses for which he was sentenced to two consecutive four-year prison terms. Additionally, the report detailed defendant's prison disciplinary record and stated as follows:

"Since [defendant's] current prison sentence began, [on] June 2, 1998, he has accumulated approximately 150 citations or allegations of rule infractions. ***

\* \* \*

*** [A] letter from Kevin Murphy, Casework Supervisor, *** indicated [defendant] has demonstrated unacceptable institutional adjustment. Sixty-three of the sanctions [defendant] has received are considered major incidents at the institutional level.

According to *** Murphy, *** defendant is scheduled to remain in disciplinary segregation until July 1, 2019, and his [']staff assaulter['] warning will not expire until March 8, 2016. However, *** defendant's tentative release from [DOC] is April 18, 2006. Therefore, if *** defendant acquires any additional prison sentences he will remain in segregation."

The presentence investigation report also listed 19 specific institutional rules violated by defendant and the number of times each particular rule was violated.

On December 12, 2001, defendant's sentencing hearing was held. The trial court stated it had reviewed the presentence investigation report. It also inquired as to whether there were any additions or corrections, and neither the State nor defendant requested any. The State then recommended the maximum of five years in prison to be served consecutively to defendant's existing sentences. By contrast, defendant requested the minimum sentence possible, arguing the maximum sentence available should be reserved for cases involving actual physical harm.

In reaching its decision, the trial court stated it considered the evidence presented at trial, the statements at the sentencing hearing, the presentence investigation report, and statutory factors in aggravation and mitigation. It further noted defendant (1) was 21 years old and had been institutionalized most of his life, (2) had both juvenile

and adult records, (3) had an extensive prison disciplinary record, (4) did not graduate from high school, (5) never held a job, and (6) had been diagnosed with antisocial personality disorder. Finally, the court stated it believed a five-year prison sentence was fair and ordered it to be served consecutively with defendant's existing sentences. Additionally, at the request of defendant's counsel, the court directed the circuit court clerk to file a notice of appeal.

On appeal, this court noted the trial court's failure to properly admonish defendant after sentencing pursuant to Supreme Court Rule 605(a)(3)(B) (210 Ill. 2d R. 605(a)(3)(B)) and remanded the cause with directions that the court give the proper admonishments and allow defendant an opportunity to file a motion to reconsider sentence. *People v. Willis*, No. 4—01—1102, slip order at 1 (June 11, 2003) (unpublished summary order under Supreme Court Rule 23). On remand, the court correctly admonished defendant and, in September 2003, defendant filed a motion for reduction of sentence or for a new trial.

Relevant to this appeal, defendant's motion alleged the trial court failed to consider that defendant had not previously been convicted of a violent crime when making its sentencing determination. In October 2003, a hearing on defendant's motion was held. The trial court noted defendant did not have any major criminal history with regard to violent crimes. However, it pointed to defendant's more than 150 violations of prison rules and stated defendant's "history of violence and infractions in the institution *** warrants the five-year sentence." The court then denied defendant's motion.

This appeal followed.

## II. ANALYSIS

On appeal, defendant argues the trial court erred by considering his prison disciplinary record when it sentenced him because the record was comprised of only mere allegations of misconduct. The State maintains defendant has forfeited this issue as he failed to object to it at his sentencing hearing and did not include it in his postsentencing motion.

■ To preserve a sentencing issue for appellate review, a defendant must raise the issue with the trial court in a postsentencing motion. *People v. Reed*, 177 Ill. 2d 389, 393, 686 N.E.2d 584, 586 (1997).

■ In this case, the prison disciplinary record at issue was contained in defendant's presentence investigation report. At defendant's sentencing hearing, the trial court specifically stated it had reviewed the report and asked both parties if either had any addi-

tions or corrections. Neither the State nor defendant objected to any portion of the report or requested anything be added or corrected. Moreover, although defendant filed a postsentencing motion, he did not allege the trial court relied on any improper factors when it sentenced him. The only issue raised by defendant's motion with regard to his sentence was the court's alleged failure to consider that defendant had not previously been convicted of a violent crime. Thus, as defendant failed to first raise this issue with the trial court, he has forfeited it on review.

Although we find this issue forfeited and no further inquiry is necessary, we nevertheless point out that the trial court did not abuse its discretion when it considered defendant's prison disciplinary record at sentencing. In *People v. Willis*, 235 Ill. App. 3d 1060, 1073-74, 601 N.E.2d 1307, 1315 (1992), this court was called upon to determine, in part, whether the trial court improperly considered a defendant's prison disciplinary reports as an aggravating factor at his sentencing. Relying on *People v. La Pointe*, 88 Ill. 2d 482, 431 N.E.2d 344 (1981), this court determined that since defendant failed to specify why the disciplinary reports were unreliable and because they were relevant to his rehabilitative potential, the trial court did not abuse its discretion by considering them. *Willis*, 235 Ill. App. 3d at 1074-75, 601 N.E.2d at 1315-16.

Similarly, in this case, defendant failed to object to the disciplinary reports or allege they were unreliable. Additionally, the reports are relevant under the facts of this particular case. Defendant is a DOC inmate who was charged with, and convicted of, aggravated battery of a correctional officer. Thus, by considering his prison disciplinary record, the court had the ability to determine defendant's rehabilitative potential. In this instance, defendant's disciplinary record evidenced his repeated inability to follow institutional rules and a disregard for authority and the trial court did not err in considering it when sentencing defendant.

### III. CONCLUSION
For the reasons stated, we affirm the trial court's judgment.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.