NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (4th) 220737-U

NO. 4-22-0737

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 7, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McDonough County |
| GAGE K. WALKER, | ) | No. 21CF147 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William E. Poncin, |
| | ) | Judge Presiding. |

_____

JUSTICE KNECHT delivered the judgment of the court.
Justices Cavanagh and Lannerd concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, finding trial counsel was not ineffective for failing to object to school disciplinary records contained in the presentence investigation report.

¶ 2    In November 2021, defendant, Gage K. Walker, pleaded guilty to one count of aggravated battery causing great bodily harm (720 ILCS 5/12-3.05(a)(1) (West 2020)). In January 2022, the trial court sentenced defendant to three and a half years' imprisonment. On appeal, defendant argues his trial counsel provided ineffective assistance by failing to object to unreliable school disciplinary records contained in the presentence investigation report (PSI). We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    In August 2021, defendant was charged by information with two counts of aggravated battery after he struck Terrell McGuire, which caused McGuire to fall to the ground

and suffer from " 'brain bleeds' and other serious brain injuries." Count I alleged aggravated battery for knowingly causing great bodily harm to McGuire (*id.*) and count II alleged similarly but was predicated on the incident occurring on a public way—a Hy-Vee parking lot (*id.* § 12-3.05(c)).

¶ 5        On November 5, 2021, defendant entered an open guilty plea to count I. A completed PSI was filed on January 20, 2022.

¶ 6        On January 31, 2022, a sentencing hearing was held. The PSI was modified to show defendant was 19 years old at the time of sentencing. The PSI was then admitted without any objections or further corrections by the parties.

¶ 7        Harley Hale, defendant's girlfriend, testified defendant was unemployed. Hale was present during the incident and defendant told her McGuire was yelling at and threatening him. Hale stated defendant "thought he saw [McGuire's] hands come up so he panicked and punched him." Hale testified defendant felt remorse for hitting McGuire. On cross-examination, Hale stated defendant did not check on McGuire's condition after striking him and told Hale to drive him home.

¶ 8        Defendant offered into evidence two security videos from the Hy-Vee parking lot showing the incident, which were admitted without objection. Defendant apologized for his actions and the injuries to McGuire.

¶ 9        The State presented victim impact statements from McGuire's mother and fiancée. Attached to one of the victim impact statements was a photo of McGuire in a hospital bed after the incident, which was admitted without objection.

¶ 10        The State referenced material contained in the PSI during its argument. The State mentioned a charged but later dismissed juvenile offense where defendant allegedly strangled his

sister and pushed her when she was pregnant. The State also noted multiple incidents from various school disciplinary reports. In 2014, a Rushville-Industry school discipline report alleged defendant put his hands around a student's neck and choked another student. Defendant was suspended from the Modular School in Macomb, which was described as a school for students with "emotional and behavioral disorders." Defendant was suspended for allegedly getting into a "physical altercation with another student and being verbally aggressive with staff." Defendant received multiple suspensions for hitting other students. The State sought the maximum five-year sentence.

¶ 11        Defendant argued the trial court should disregard the various allegations in the PSI related to incidents with his sister or at his previous schools because they were unproven. Defendant sought probation.

¶ 12        The trial court found defendant's conduct caused or threatened serious harm, he had a history of delinquency, and deterrence was necessary. The court did not find the statutory factors in mitigation applicable. The court considered defendant's violent behavior at school as "nonstatutory factors in aggravation." The court commented on defendant's "sporadic employment history" and failure to take initiative toward completing his general education development test. The court referenced defendant's statement in the PSI he has an "impulse control problem" and his failure to take initiative to address his attention-deficit/hyperactivity disorder. The court sentenced defendant to three and a half years' imprisonment.

¶ 13        Thereafter, defendant filed a motion to reconsider and reduce his sentence. During the March 21, 2022, hearing on defendant's motion, defendant testified he was interested in the impact incarceration program. In denying defendant's motion, the trial court noted, while defendant did not have "much of a criminal history, [he] did have a history of violence which

was fairly well documented in the [PSI]." The court referenced defendant's lack of initiative during the three-month period between when he pleaded guilty and the sentencing hearing regarding his rehabilitative potential.

¶ 14          Defendant appealed. On June 28, 2022, defendant's appeal was summarily remanded by agreement of the parties for failure to file a 604(d) certificate. See *People v. Walker*, No. 4-22-0252 (June 28, 2022) (unpublished order).

¶ 15          On July 29, 2022, defendant filed an amended motion to reconsider and reduce his sentence, which attached a Rule 604(d) certificate (see Illinois Supreme Court Rule 604(d) (eff. July 1, 2017)). During the August 19, 2022, hearing on the amended motion, neither party presented any evidence or argument. The trial court stated it reviewed the amended motion and transcript from the original hearing before denying defendant's motion.

¶ 16          This appeal followed.

¶ 17                        II. ANALYSIS

¶ 18          On appeal, defendant argues the trial court improperly relied on defendant's school disciplinary record in the PSI without sufficient evidence to ensure its reliability. Specifically, defendant contends the State failed to present any witnesses to support the veracity of defendant's school disciplinary record.

¶ 19          Defendant concedes review of this issue has been forfeited. The record on appeal shows (1) the PSI was made available to defendant more than a week prior to sentencing, (2) defendant reviewed the PSI with his trial counsel, and (3) other than offering a correction regarding defendant's age, defendant's counsel did not object to the PSI. However, defendant urges this court to address the issue under the ineffective assistance of counsel framework.

According to defendant, his trial counsel's ineffectiveness in failing to object to the school disciplinary record in the PSI caused his claim of error to be forfeited on appeal.

¶ 20        An ineffective assistance of counsel claim is analyzed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Merriweather*, 2022 IL App (4th) 210498, ¶ 40. The test established in *Strickland* also applies to the sentencing hearing. *People v. Franklin*, 167 Ill. 2d 1, 25, 656 N.E.2d 750, 760-61 (1995). Proving ineffective assistance of counsel at sentencing requires a defendant show (1) counsel's performance fell below minimal professional standards and (2) a reasonable probability exists the defendant's sentence was affected by counsel's deficient performance. *People v. Hibbler*, 2019 IL App (4th) 160897, ¶ 88, 129 N.E.3d 755. Failure to satisfy either prong negates a claim of ineffective assistance of counsel. *Id.* A reviewing court "may dispose of an ineffective assistance of counsel claim by proceeding directly to the prejudice prong without addressing counsel's performance." *People v. Hale*, 2013 IL 113140, ¶ 17, 996 N.E.2d 607. To establish prejudice, a defendant must show "a reasonable probability that the result of the proceeding would have been different." *People v. Stevens*, 2018 IL App (4th) 150871, ¶ 24, 112 N.E.3d 609.

¶ 21        "Whether the trial court relied upon an improper factor at sentencing is a question of law reviewed *de novo*." *People v. Sturgeon*, 2019 IL App (4th) 170035, ¶ 103, 126 N.E.3d 703. The trial court is afforded a strong presumption its sentencing determination was based on proper legal reasoning. *Id.* The defendant bears the burden to affirmatively establish the sentence imposed was based on an improper factor. *Id.* A sentence will not be reversed unless it is evident the trial court relied upon an improper factor. *Id.*

¶ 22        At the aggravation/mitigation stage of sentencing, the ordinary rules of evidence are relaxed, requiring evidence need only be relevant and reliable for admissibility. *People v.*

*Terrell*, 185 Ill. 2d 467, 505, 708 N.E.2d 309, 328 (1998). Information in the PSI "must necessarily consist in part of hearsay and other normally inadmissible evidence." *People v. Blanck*, 263 Ill. App. 3d 224, 234, 635 N.E.2d 1356, 1365 (1994). "Proof of prior misconduct not resulting in prosecution or conviction is admissible as relevant to the question of defendant's character." *People v. Johnson*, 114 Ill. 2d 170, 205, 499 N.E.2d 1355, 1371 (1986). The trial court is given broad discretion at sentencing to consider various sources and types of information. *People v. Williams*, 2018 IL App (4th) 150759, ¶ 17, 99 N.E.3d 590. "At the sentencing hearing, evidence is admissible if it is relevant and reliable." *Id.*

¶ 23        Here, defendant's school disciplinary record is relevant as it demonstrated defendant's troubled history with structure and authority. The trial court could consider that history in evaluating whether defendant could successfully comply with the terms and conditions imposed by probation. We note defendant has not alleged, and the record does not suggest, the school disciplinary records are factually inaccurate.

¶ 24        We find this matter similar to *People v. Brock*, 2022 IL App (3d) 200430, ¶ 82, where the defendant argued the trial court improperly relied on evidence in the PSI and no witness testified in support of that evidence. The *Brock* court explained:

> "Here, the contested evidence was incorporated into the PSI itself, a report which the sentencing court is mandated to consider. 730 ILCS 5/5-3-1 (West 2020). In other words, the fact that the PSI in this case was compiled and offered after an independent investigation by a neutral third party—the probation department—is *prima facie* evidence of the reliability of the information contained therein. Obviously, the court in this case inherently found the PSI to be reliable by considering its contents." *Id.* ¶ 85.

- 6 -

In this case, the school disciplinary reports contested by defendant were contained in the PSI, which was compiled by the McDonough County probation department. The court was required to consider the PSI. The court's statements regarding the school disciplinary records show it found them to be relevant and reliable. Defendant argues *Brock* contradicts our decision in *People v. Raney*, 2014 IL App (4th) 130551, 8 N.E.3d 633, which he maintains supports his position. We disagree.

¶ 25    In *Raney*, the defendant's PSI contained a victim impact statement written by the victim's son. *Id.* ¶ 45. The victim impact statement detailed misconduct by the defendant toward the victim's son we found irrelevant for sentencing because it was not based on conduct the defendant was charged and convicted for. *Id.* We concluded it was error for the victim impact statement "to be attached to the PSI and considered by the court in the fashion it was." *Id.* Ultimately, however, we found the error did not prejudice the defendant because the defendant would have received the same sentence had the victim impact statement not been introduced. *Id.* ¶ 51.

¶ 26    We stated in *Raney*, "while hearsay evidence is allowable at a sentencing hearing, such evidence should be presented in the form of live testimony, rather than hearsay allegations contained in an attachment to a presentence report." *Id.* ¶ 44. However, the *Brock* court explained no "bright-line" rule exists requiring witness testimony to establish the reliability of incident reports in a PSI. *Brock*, 2022 IL App (3d) 200430, ¶ 84. Requiring witness testimony to "establish the reliability of similar records at sentencing would place an unnecessary hardship on the prosecution, especially in the absence of any persuasive argument by a defendant as to why the records are unreliable." *Id.*

¶ 27          The issue regarding witness testimony and allegations of misconduct contained in a PSI also arose before this court in *Hibbler*. The defendant argued the trial court erred when it considered rule violations from the defendant's time in jail without testimony from a witness with firsthand knowledge. *Hibbler*, 2019 IL App (4th) 160897, ¶ 49. In *Hibbler*, the defendant did not argue the rule violations during his time in jail were factually inaccurate; rather, he argued "the trial court made a purely procedural error by not requiring live testimony for the rule violations contained in the PSI." *Id.* ¶ 55. We rejected this argument and found the defendant's failure to object to the PSI before the trial court results in waiver of the issue on review. *Id.* ¶ 56. We also reaffirmed our holding from *People v. Powell*, 199 Ill. App. 3d 291, 294, 556 N.E.2d 896, 898 (1990), stating, "the trial court may rely on *all* of the information in the unobjected to PSI to the extent it believes it is relevant and reliable." (Emphasis in original.) *Hibbler*, 2019 IL App (4th) 160897, ¶ 56.

¶ 28          Further, in *Hibbler*, we found the defendant's rule violations contained in the PSI relevant because they "demonstrated defendant's violent behavior and continued disrespect of authority." *Id.* ¶ 55. In *Hibbler*, we noted the issue of disciplinary reports in a PSI arose in *People v. Willis*, 361 Ill. App. 3d 527, 531, 838 N.E.2d 130 (2005), where we held the failure by the defendant to object or allege the disciplinary reports were unreliable entitled the trial court to rely on the disciplinary reports in the PSI. *Hibbler*, 2019 IL App (4th) 160897, ¶ 53. Additionally, in *Willis*, we found the "defendant's disciplinary record evidenced his repeated inability to follow institutional rules and a disregard for authority" was relevant to determining his rehabilitative potential. *Willis*, 361 Ill. App. 3d at 531.

¶ 29          In this case, much like in *Hibbler* and *Brock*, defendant did not object to the PSI before the trial court and does not argue on appeal the information in the PSI is factually

inaccurate or irrelevant. In *Raney*, we stated the victim impact statement *should* have been introduced by witness testimony, but we did not go so far as to require witness testimony. *Raney*, 2014 IL App (4th) 130551, ¶ 44. In *Hibbler*—which came after *Raney*—we explicitly rejected the argument witness testimony is required to establish reliability of information contained in an unobjected to PSI. *Hibbler*, 2019 IL App (4th) 160897, ¶ 56. More importantly, *Raney* is distinguishable because we found the victim impact statement in *Raney* to be irrelevant, whereas in the other cases the information in the PSI was found to be relevant. Therefore, it is not evident from the record the trial court relied on an improper sentencing factor.

¶ 30　　　　　In sum, defendant's school disciplinary record was relevant, and the trial court found it reliable. Nothing in the record on appeal disputes the accuracy of the disciplinary record. Because the court was permitted to consider defendant's school disciplinary record contained in the PSI, defendant cannot show prejudice. See *People v. Ferguson*, 2021 IL App (3d) 200041, ¶ 21, 194 N.E.3d 904 (holding, in the context of the admissibility of student disciplinary records at sentencing, "counsel cannot be ineffective for failing to object to meritless issues"). Accordingly, we reject defendant's ineffective assistance of counsel claim and honor defendant's forfeiture of his ability to challenge his sentence on appeal.

¶ 31　　　　　　　　　　　　　　III. CONCLUSION

¶ 32　　　　　For the reasons stated, we affirm the trial court's judgment.

¶ 33　　　　　Affirmed.